Boynton, J.,
dissenting. When the statute “authorizing and regulating arbitration ” (1 S. & 0. 80) was enacted, the office of notary public did not exist. The office was created and the powers and duties of the notary were defined by the act of April 2, 1852. 3 Curwin, 1751. By that act he was invested with power within the county in which he resides '“to administer all oaths required or authorized by law to be administered in this state.” The same power was conferred •on clerks of the courts of the state by the act of January 29, 1864. S. & S. 71. These acts having been passed subsequently to the act relating to arbitrations, so far modify the same, as to- bring the oath administered by the notary or a clerk of the court, in a matter before arbitrators, clearly within the sanction •of the statute. The authority of the notary to administer the oath is not only within the words of the act, but as •clearly within the intent as language can express, it.
Johnson, J.
It is too well settled to admit of discussion, that to constitute perjury, the false oath must have been “ in a proceeding ” before a cou/rt, tribunal or officer created by law, or in a matter in relation to which an oath is authorized by law, and that a mere'voluntary oath, or one before any board, ■tribunal or court created by the pa/rhies, or any self-constituted *288 tribunal, or in a matter in which an oath is not authorized by law to be administered, cannot be the subject, of perjury.
The terms of the submission in this case show that it was a. tribunal created dy the fa/rties, or a common law arbitration merely.
There was no bond fixing the time and place of trial, or the time and place when the award should be made, but a mere agreement to submit the controversies. There was no agreement-that the award, when made, should be made a rale of court. The award made was not, as in the case of a statutory submission, equivalent to a verdict, upon which a final judgment could be entered by either party. Por these reasons, I concur in sustaining the court below.
If, however, the majority of the court are correct, in treating this as an arbitration under the statute, then I concur with my brother Boynton, in- holding that a notary public may swear the arbitrators and the witnesses, under the powers conferred upon him to administer oaths, already cited.